IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK 21-80406 |
| | ) | |
| PAUL A. ROSBERG, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Order Dismissing Case and Barring Debtor from Filing for 180 Days**

This matter is before the court on the motion by creditor Kelly Rosberg to bar the debtor, Paul A. Rosberg, from filing bankruptcy and on the court's order requiring the debtor to show cause as to why this case should not be dismissed for failure to file and serve schedules and a Chapter 13 plan. (Doc. #5; Doc. #17). The court received the affidavit of the debtor. (Doc. #27). The debtor also agreed the court could consider all the filings in his three prior bankruptcy cases. Because cause exists to dismiss this case and because, based upon his schedules, the debtor is not eligible to file under Chapter 13, the debtor's case is dismissed. He is barred from filing another bankruptcy petition for 180 days.

*Findings of Fact*

1. A Nebraska state district court dissolved the debtor's marriage to Kelly Rosberg on July 28, 2017. The court awarded Ms. Rosberg child support and a property equalization payment. The debtor appealed. The Nebraska Court of Appeals modified the equalization payment and ordered the debtor pay Ms. Rosberg $302,685, in five yearly installments of $60,537 beginning September 1, 2017. The debtor was also ordered to pay child support for five children. *See Rosberg v. Rosberg*, Case No. A-17-909, 2019 WL 1906234 (Neb. Ct. App. Apr. 30, 2019); *Rosberg v. Rosberg*, Case No. A-17-1229, 2019 WL 1914915 (Neb. Ct. App. Apr. 30, 2019).

2. The debtor scheduled Ms. Rosberg as a creditor on Schedule E/F. He disputed the debt as "still in court divorce settlement." He scheduled a $320,000 "Divorce settlement" on line 29 of Schedule A/B. (Doc. #21). During the hearing, the debtor represented he wants to modify the judgment in state court, in part, because Ms. Rosberg misrepresented the extent of the debtor's assets. In his resistance, and in his plan, and during the hearing, the debtor contends that in future lawsuits he will prove Ms. Rosberg owes him more than he owes her. (Doc. #20; Doc. #22).

3. The debtor scheduled a domestic support obligation of $1,880 per month on Line 9a of his Summary of Assets and Liabilities. On Line 29 of Schedule A/B, under Family Support, he notes, "The crooked Judge say[s] I have to pay $1,880 monthly or go to jail and pay my ex-wife but it is still in court." (Doc. #21).

4. After his marriage to Ms. Rosberg was dissolved, the debtor filed four Chapter 13 bankruptcy cases in under four years. He filed the first case on December 4, 2017, approximately four months after the divorce decree was entered. The debtor did not timely file bankruptcy schedules, statements, or a plan and the court dismissed the bankruptcy case on January 16, 2018. (BK17-81708, Doc. #1; Doc. #27).

5. The debtor filed a second bankruptcy case on February 22, 2019. The court dismissed it on April 4, 2019, for the same reasons as the first. The debtor filed a motion to reconsider dismissal. It was denied and the case was closed on June 13, 2019. (BK19-80272; Doc. #1; Doc. #19; Doc. #42).

6. The debtor filed a third bankruptcy case on April 14, 2020. It was dismissed for cause on July 20, 2020. In the third case the debtor did not file a complete Schedule I. He filed four different Chapter 13 plans. None of the plans complied with local rules. None of the plans included a payment to the Chapter 13 trustee or creditors. The debtor also did not schedule regular disposable income to fund a Chapter 13 plan under 11 U.S.C. § 109(e). Instead, in his final plan, the debtor proposed to make yearly payments of $50,000, "once I get paid from the legal actions I have and from the proceeds of lawsuits I plan on winning." The debtor appealed, which appeal was denied as untimely. (BK20-80487; Doc. #1; Doc. #69).

7. The debtor filed this fourth bankruptcy case on April 27, 2021. (Doc. #1). He again did not timely file schedules or a Chapter 13 plan. The court ordered the debtor to "file schedules and a plan, serve the plan, and file a certificate of service, all by May 28, 2021," or the case would be dismissed. (Doc. #1; Doc. #17). He did not fully comply, and the clerk entered a notice of non-compliance on May 27, 2021. (Doc. #24).

8. The debtor's fourth case suffers from the same problems as the first three. His schedules and statement of financial affairs are not complete (Doc. #21):

    a. On Schedule A/B, the debtor scheduled income from a living trust, but only after debts are paid. He did not schedule the amount of the income or the debts. He listed as "unknown" the value of assets, including his interest in the living trust and any property held in the trust. The living trust income is described as "rental income," but no leases of property are listed on Schedule G. The trust is listed on the Statement of Financial Affairs ("SOFA"), but he scheduled $0.00 in income in prior years.

    b. On Schedule D, the debtor scheduled three creditors, owed "unknown" amounts, whose claims are secured by real estate in Knox County, Nebraska. No interest in real estate is on Schedule A/B.

    c. The debtor did not exempt any property on Schedule C.

    d. On his SOFA the debtor stated he is involved in "a number of lawsuits." He did not disclose any information regarding the lawsuits. Instead, he will "send case numbers soon."

2

9. The debtor did not schedule regular disposable income to fund a Chapter 13 plan. According to Schedule I, he is a retired farmer forced off the farm by his ex-wife. He receives rental income of $0.00, social security income of $700 per month, and other government assistance of $300 per month. His monthly expenses on Schedule J are $60 for telephone, $200 for food and housekeeping supplies, $40 for childcare, and $1,888 for child support for three children ages 10, 13, and 17. He calculated a monthly net loss of $1,488.[1] On the Calculation of Disposable Income Form 122C-2, he listed the social security income and no expenses. He listed a monthly child support payment, resulting in a negative monthly disposable income. (Doc. #21).

10. The debtor's Chapter 13 plan is also deficient. As with the plan in his third bankruptcy case, he proposed no plan payments until he modifies his divorce decree and prevails in other undisclosed lawsuits. He indicated, "The plan is to have my pending cases heard and with that pay my debts." As to Ms. Rosberg's priority claim for child support he stated, "The court proceeding will show she owes me; not me owing her." He did not include the required objection / resistance deadline in the plan. (Doc. #22). During the hearing Mr. Rosberg affirmed his bankruptcy plan is to modify his divorce decree and recover funds in other lawsuits. He also contended he should not have to pay anything to the Chapter 13 trustee.

11. Kelly Rosberg filed a motion to bar the debtor from re-filing bankruptcy for at least 180 days.[2] Ms. Rosberg contends the debtor filed this case after she filed a writ of execution against real estate located in Knox County, Nebraska in which the debtor has an interest. (Doc. #5). During the hearing, the debtor agreed Ms. Rosberg filed an execution against real estate. He denied he owned or had an interest in real estate. However, during the hearing he asserted he claimed the real estate as exempt in the state court proceeding. He contended the state court did not provide him a hearing regarding the exemption.

*Conclusions of Law*

Cause exists to dismiss the debtor's case. Cause includes "unreasonable delay by the debtor that is prejudicial to creditors." *See* 11 U.S.C. § 1307(c). The debtor's entire plan is to delay his ex-wife from collecting her judgment until he can somehow modify the final mandate of the Nebraska Court of Appeals and prevail in other lawsuits, including lawsuits against her. This is the debtor's fourth Chapter 13 case since December 2017. In all four cases he did not timely file a plan, schedules, statement of financial affairs,

---

[1] The monthly net loss of $1,488 does not include the $300 per month in other government assistance, but even if it is included, the debtor's schedules indicate a monthly net loss of $1,188.

[2] Ms. Rosberg's motion seeks to bar the debtor from "re-filing." The motion was originally filed in the debtor's third case, Case No. BK20-80487, which Ms. Rosberg re-opened before the debtor filed this fourth case. The court directed Ms. Rosberg to file her motion in this case. Her motion will be treated as a motion to dismiss and bar the debtor from re-filing. The debtor stated at the hearing he understood, in addition to requesting the court bar him from another filing, Ms. Rosberg seeks to have this case dismissed.

and other documents required by § 521. In the first two cases he never filed these documents. This delay is prejudicial to Ms. Rosberg, his primary creditor.

Cause also exists because the debtor failed to file a plan timely under § 1321. *See id.* § 1307(c)(3). While the debtor filed a document titled "plan," his "plans" have never constituted a plan under the Code. He does not propose to pay creditors. He does not propose to subject disposable income to a plan. He refuses to make payments to the Chapter 13 trustee. Instead, he plans to extend litigation in state court regarding his domestic support obligations and prevent Ms. Rosberg from collecting on her judgment, a final judgment which was affirmed as modified by the Nebraska Court of Appeals.

The case is also dismissed because the debtor acted in bad faith. "[C]ause includes filing a bankruptcy petition in bad faith." *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218, 220 (8th Cir. 1996). "[T]he purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts." *Id*. To determine whether a filing was made in bad faith the court focuses on the "totality of the circumstances." specifically:

> (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; or (3) whether he has unfairly manipulated the bankruptcy code.

*Id*. at 220-21. The schedules in every case the debtor filed are wholly deficient as identified in the statement of facts. The debtor has not stated his debts and expenses accurately. He failed to schedule the amount of income he earns from a living trust, and what appears to be an interest in real estate against which Ms. Rosberg attempted to execute her judgment. Although he denies any interest in real estate, he claimed the real estate as exempt in state court under Nebraska law.[3] Having failed to get relief from his divorce decree in state court, he resorted to this court. He is manipulating the bankruptcy code by never proposing a viable Chapter 13 plan. His remedies against Ms. Rosberg, if any, are in state district court, not in bankruptcy.

Also, the debtor did not comply with the court's order to show cause. He was ordered to "file schedules and a plan, serve the plan, and file a certificate of service, all by May 28, 2021." The debtor did not timely file and serve his "plan." In this district, a Chapter 13 plan must be "filed and served with an appropriate resistance date." *See* Neb. R. Bankr. P. 3015-2(A) and (B); Neb. R. Bankr. P. 9013-1. The debtor did not comply with these

---

[3] The court does not have to resolve whether Mr. Rosberg has an interest in real estate. Ms. Rosberg claims she was executing on judgment lien against real estate in which the debtor has some interest. Under Nebraska law, a judgment lien in the district court attaches to "the land and tenements *of the debtor* within the county where the judgment is entered." Neb. Rev. Stat. § 25-1504 (emphasis added). The debtor asserts he has no interest in real estate. Either he has an interest in real estate, in which case he did not disclose it and the case should be dismissed for cause; or he has no interest in real estate, in which case there is no asset to protect from execution by Ms. Rosberg under the automatic stay.

4

rules and the clerk entered a notice of non-compliance.[4] The debtor's failure to comply with local rules is not confined to this case. He failed to comply with local rules throughout all four cases.

The debtor's case must also be dismissed because, based upon his schedules, he is not an eligible debtor under Chapter 13. "Only an individual with regular income … may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). An "individual with regular income" is one "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title." 11 U.S.C. § 101(30). Accepting the debtor's schedules as accurate, the debtor earns $1,000 in monthly income, consisting of social security and some other government assistance. His social security benefits are "excluded from the bankruptcy estate pursuant to 42 U.S.C. § 407." *Carpenter v. Ries (In re Carpenter)*, 408 B.R. 244, 249 (B.A.P. 8th Cir. 2009). He does not voluntarily commit this income to his Chapter 13 plan. Instead, he plans to "have my pending [litigation] cases heard and with that pay my debts." Speculative judgments in undisclosed lawsuits are not "sufficiently stable and regular" income under § 101(30).[5]

Even if the debtor proposed to fund his Chapter 13 plan with his scheduled social security income he does not have "income sufficient to make payments under a plan under chapter 13". The requirements of a Chapter 13 plan include the plan:

> (1) shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan; [and]
>
> (2) shall provide for the ***full payment***, in deferred cash payments, ***of all claims entitled to priority under section 507 of this title***, unless the holder of a particular claim agrees to a different treatment of such claim.

11 U.S.C. §§ 1322(a) (emphasis added). Claims under § 507, which must be paid in full under § 1332(a)(2), include claims for domestic support obligations. *See id*. § 507(a)(1)(A). The debtor cannot pay the $320,000 judgment and monthly support of $1,888 for his three children, two of whom are more than six years from Nebraska's age of majority, through a Chapter 13 plan with only $1,000 per month gross income.

For the above reasons, Ms. Rosberg's motion to bar the debtor is also granted. The court is authorized to bar re-filings. *See* 11 U.S.C. §§ 105(a) and 349(a); *Marshall v. McCarty (In re Marshall)*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009) ("Bankruptcy courts

---

[4] On June 10, 2021, the debtor complied with the clerk's notice of non-compliance by providing notice of the plan and setting an objection / resistance deadline under Neb. R. Bankr. P. 3015 and 9013-1. (Doc. #24). Although timely under the clerk's notice of non-compliance, these filings were not timely under the court's order to show cause because the debtor did not file and serve the plan by May 28, 2021. (Doc. #17).

[5] The court dismissed the debtor's third Chapter 13 case, in part, because the debtor was not an eligible debtor under § 109(e). The debtor did not file anything in this case to remedy this deficiency. Rather, the schedules, statements, and plan in this fourth case are substantially the same as in the third.

'invariably derive from § 105(a) or § 349(a) of the Code ... the power to sanction bad-faith serial filers[.]'"). The debtor is a serial filer who consistently fails to comply with his obligations under the Code. Cause exists to bar the debtor from filing a bankruptcy petition for 180 days.[6]

   Dated: June 21, 2021

         BY THE COURT:

         /s/ Brian S. Kruse
         Brian S. Kruse
         United States Bankruptcy Judge

Notice given by the court to:
*Kelly Rosberg
Paul A. Rosberg
Kathleen Laughlin, Chp. 13 Trustee
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[6] This order dismisses the debtor's case. Any appeal of this order alone will not, automatically, reinstate the automatic stay and Ms. Rosberg can execute on real estate to collect her judgment. *See* 11 U.S.C. § 362(c)(2)(B) ("the stay of any other act under subsection (a) of this section continues until … the time the case is dismissed.").